**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICHARD EUGENE CHAMPION,        ) NO. CV 07-6989-JFW(E)
                                )
                Plaintiff,      )
                                )
        v.                      ) MEMORANDUM AND ORDER
                                )
DENTIST MURPHY, et al.,         )
                                )
                Defendants.     )
_____)

**PROCEEDINGS**

    Plaintiff, a state prisoner proceeding pro se, filed this civil
rights action on November 28, 2007, against the Director of the
California Department of Rehabilitation and Corrections, the Warden at
the California Men's Colony, and a prison dentist.  On December 12,
2007, the Court issued an Order dismissing the Complaint with leave to
amend.  On January 8, 2008, Plaintiff filed an unverified First
Amended Complaint against California Men's Colony dentist Dr. Murphy,

sued in his individual capacity only.[1]  Plaintiff alleges that
Defendant Murphy provided Plaintiff inadequate dental care in
violation of the Eighth Amendment, retaliated against Plaintiff for
filing grievances, and subjected Plaintiff to race discrimination in
violation of the Equal Protection Clause.  Plaintiff appended to the
First Amended Complaint a request for appointment of counsel.

On August 29, 2008, Defendant filed a Motion for Summary
Judgment.  Plaintiff filed an Opposition to the Motion on October 27,
2008.  In the August 29, 2008 Motion for Summary Judgment, Defendant
contended that the undisputed facts showed Defendant was entitled to
judgment as a matter of law on all of Plaintiff's claims.  However,
Defendant's Motion addressed only Plaintiff's deliberate indifference
and race discrimination claims, and did not address Plaintiff's
retaliation claim.  Therefore, on October 31, 2008, the Court issued
an Order denying Defendant's Motion for Summary Judgment without
prejudice and extending the deadline for filing a motion for summary
judgment to thirty days from the date of the Order.  By Minute Order
dated November 19, 2008, the Court extended this deadline to
December 17, 2008.

On December 17, 2008, Defendant filed another Motion for Summary
Judgment.  On December 18, 2008, the Court issued a Minute Order
advising the Plaintiff of the requirements of Rule 56 of the Federal

---

[1]    Therefore, the Court deems Plaintiff to have abandoned
his claims against the other Defendants.  See Hal Roach Studios,
Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989)
("[t]he fact that a party was named in the original complaint is
irrelevant; an amended pleading supersedes the original").

Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1997) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999); <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).  On December 24, 2008, Plaintiff filed an Opposition to the Motion.  Also on December 24, 2008, Plaintiff filed a document entitled "Plaintiff, Moves for Summary Judgment," a document Plaintiff signed on December 19, 2008.

### SUMMARY OF ALLEGATIONS OF FIRST AMENDED COMPLAINT

Plaintiff alleges that, on August 28, 2006, Defendant examined Plaintiff's teeth, took x-rays, and pulled four teeth (First Amended Complaint, p. 5).  Plaintiff alleges Defendant should have known there would be problems (<u>id.</u>).  Plaintiff alleges Defendant drilled a hole in Plaintiff's denture and destroyed it (<u>id.</u>).  Plaintiff allegedly submitted two prison grievances, or "602's" (<u>id.</u>).  Plaintiff alleges that the grievances and asserted intervention by the Prison Law Office and the Attorney General upset Defendant, causing Defendant to retaliate by refusing to see Plaintiff (<u>id.</u>).  Plaintiff alleges that his gums are swollen and sore, and that he cannot chew solid food (<u>id.</u>).

Plaintiff alleges Defendant violated Plaintiff's Due Process and Eighth Amendment rights, and retaliated against Plaintiff in violation of the First Amendment (<u>id.</u>).  Plaintiff also alleges that Defendant discriminated against Plaintiff on the basis of race in violation of Equal Protection (<u>id.</u>, pp. 5, 6).  Plaintiff seeks an order: (1) requiring Plaintiff to be fitted with new dentures; and (2) requiring Plaintiff to be permitted to have the services of a

different dentist (id., p. 6).  Plaintiff also seeks five million dollars in damages (id.).

Documents attached to the First Amended Complaint help to clarify Plaintiff's allegations.  On October 9, 2006, Plaintiff wrote a grievance complaining that Defendant allegedly had pulled four teeth and told Plaintiff that Plaintiff would receive an upper plate in ninety days (First Amended Complaint, Ex. A).  Plaintiff complained that his gums were sore and that he could eat only soup (id.).  On January 22, 2007, Plaintiff wrote a grievance complaining that Defendant had provided Plaintiff with an upper denture that allegedly did not fit, and that Plaintiff had tried unsuccessfully to see Defendant four times (First Amended Complaint, Ex. B).  Plaintiff alleged that Defendant was retaliating against Plaintiff for filing the earlier grievance (id.).[2]

## STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party moving for summary judgment bears the initial burden of offering proof of the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("Celotex").  Once the moving party's burden is met, the party opposing the motion is

---

[2]    Both of these grievances were denied at the Director's Level of review (First Amended Complaint, Exs. 1, 2).

1  required to go beyond the pleadings and, by the party's own affidavits
2  or by other evidence, "set out specific facts showing a genuine issue
3  for trial." Fed. R. Civ. P. 56(e)(2); Miller v. Glenn Miller
4  Productions, Inc., 454 F.3d 975, 987 (9th Cir. 2006). The party
5  opposing the motion must submit evidence sufficient to establish the
6  elements that are essential to that party's case, and for which that
7  party will bear the burden of proof at trial. Celotex, 477 U.S. at
8  322.

10   The Court must "view the facts in the light most favorable to the
11 non-moving party and draw reasonable inferences in favor of that
12 party." Scheuring v. Traylor Bros., Inc., 476 F.3d 781, 784 (9th Cir.
13 2007). Where different ultimate inferences reasonably can be drawn,
14 summary judgment is inappropriate. Miller v. Glenn Miller
15 Productions, Inc., 454 F.3d at 988.

17   A factual dispute is "genuine" only if there is a sufficient
18 evidentiary basis upon which a reasonable jury could return a verdict
19 for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S.
20 242, 248 (1986). A factual dispute is "material" only if it might
21 affect the outcome of the lawsuit under governing law. Id. at 248.

**DISCUSSION**

**I.   Plaintiff's Motion for Summary Judgment Is Denied Without**
**      Prejudice.**

28   In Plaintiff's two-page, verified Motion for Summary Judgment,

1   Plaintiff alleges that Defendant "did not answer the u.s. court

2   question on the reprisals, or retaliation," and that Defendant's

3   conduct is "unappropriated [sic]."  Plaintiff signed the Motion on

4   December 19, 2008, subsequent to the Court-ordered deadline for the

5   filing of summary judgment motions.  <u>See</u> "Order Denying Motion for

6   Summary Judgment," filed October 31, 2008; Minute Order, dated

7   November 19, 2008.  Plaintiff's Motion is denied without prejudice as

8   untimely.[3]

9

10  **II.  <u>Defendant Is Entitled to Summary Adjudication on Plaintiff's</u>**

11      **<u>Claims of Deliberate Indifference and Race Discrimination</u>**

12

13          **A.   <u>Governing Legal Standards</u>**

14

15          Prison officials can violate a prisoner's Eighth Amendment right

16  to be free of cruel and unusual punishment if the officials are

17  deliberately indifferent to the prisoner's serious medical needs.  <u>See</u>

18  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Estelle v. Gamble</u>, 429

19  U.S. 97, 104 (1976); <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir.

20  1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>,

21  104 F.3d 1133, 1136 (9th Cir. 1997).  "A determination of 'deliberate

22  indifference' involves an examination of two elements: the seriousness

23  of the prisoner's medical need and the nature of the defendant's

24  response to that need."  <u>McGuckin v. Smith</u>, 974 F.2d at 1059.

25  ///

26  _____

27          [3]   As discussed <u>infra</u>, however, Plaintiff will have

28  another opportunity to file a motion for summary judgment on the
    retaliation claim.

1    To demonstrate deliberate indifference, a plaintiff must show
2    that a prison official knew of and disregarded an excessive risk to
3    inmate health or safety.  <u>Farmer v. Brennan</u>, 511 U.S. at 837.  The
4    official must have been aware of facts from which the inference could
5    be drawn that a substantial risk of serious harm existed, and must
6    have also drawn the inference.  <u>Id.</u>  Thus, inadequate treatment due to
7    accident, mistake, inadvertence, or even gross negligence does not
8    amount to a constitutional violation.  <u>Estelle v. Gamble</u>, 429 U.S. at
9    105-06; <u>McGuckin v. Smith</u>, 974 F.2d at 1060; <u>Wood v. Housewright</u>, 900
10   F.2d 1332, 1334 (9th Cir. 1990); <u>Hunt v. Dental Dept.</u>, 865 F.2d 198,
11   201 (9th Cir. 1989).

12
13       **B.**    **<u>Parties' Contentions</u>**
14
15       Defendant contends the undisputed facts show that Defendant did
16   not act with deliberate indifference to Plaintiff's dental needs.
17   Defendant also contends Plaintiff lacks evidence to support his claim
18   of race discrimination.  Despite the Court's Order of October 31, 2008
19   denying Defendant's previous summary judgment motion because the
20   previous motion did not address Plaintiff's retaliation claim, the
21   present Motion, without explanation, again fails to address the
22   retaliation claim.  Nevertheless, the Court deems it appropriate, at
23   this late juncture, to determine whether summary adjudication of the
24   deliberate indifference claim and summary adjudication of the race
25   discrimination claim would be proper.  <u>See</u> Fed. R. Civ. P. 56(d); <u>see</u>
26   <u>also</u> Fed. R. Civ. P. 1.
27   ///
28   ///

1    In opposition to the present Motion, Plaintiff has submitted a

2    two-page verified Opposition, but no other evidence.  In the

3    Opposition, Plaintiff claims to have witnesses who have executed

4    "declaration[s] and Affidavits" stating that Defendant lied to

5    patients and calling into question Defendant's "character and

6    professionalism" (Opposition, p. 1).  However, Plaintiff has not

7    submitted any declarations or affidavits in opposition to the present

8    Motion.[4]  Plaintiff also expresses disbelief in the statement of

9    Defendant's counsel, made at Plaintiff's deposition, that Defendant no

10   longer works for the California Department of Corrections and

11   Rehabilitation (id.).  Plaintiff generally alleges that Defendant

12   abused his authority, and adds that Plaintiff has "no doubt" that

13   Defendant has engaged in wrongdoing such as discriminating against

14   Plaintiff, falsifying documents, and committing perjury (id.).

15

16   **C.   <u>Deliberate Indifference Claim</u>**

17

18   Defendant has submitted a declaration, in which Defendant asserts

19   the following:

20

21   On May 8, 2006, Plaintiff saw Defendant for dental care and

22   received a complete exam and x-rays (Declaration of Defendant

23   Dr. Murphy in Support of Defendant's Motion for Summary Judgment

24   ["Murphy Dec."], ¶ 2).  Defendant diagnosed periodontal disease, and

25   Plaintiff was scheduled for the first available appointment to get his

26

27       [4]   Plaintiff also claims that one of Plaintiff's alleged

28   witnesses has filed a state court lawsuit against Defendant
     (id.).

8

1  teeth cleaned (id.).

2

3      On August 28, 2006, Plaintiff's teeth were cleaned in the clinic

4  (id., ¶ 3).  Defendant thereafter extracted Plaintiff's four top front

5  teeth due to severe periodontal disease (id.).  After the extractions,

6  Plaintiff was required to eat soft food while the gums healed and the

7  swelling decreased (id.).  Impressions could only be made after such

8  time (id.).

9

10     Plaintiff was scheduled for impressions for a maxillary (upper)

11  denture on October 3, 2006, but the appointment was rescheduled

12  because Plaintiff had a conflicting medical appointment (id., ¶ 4).

13  On October 17, 2006, impressions were taken for the maxillary denture

14  (id.).

15

16     On November 9, 2006, a "shade" and a "wax bite" were taken in

17  order to choose the color of the dentures and to show how the denture

18  models would fit (id., ¶ 5).  Defendant explained to Plaintiff that

19  Plaintiff's tooth number 31, a back lower molar, was super erupted,

20  i.e., the molar protruded from bottom to top, and that the tooth would

21  have to be removed in order for the denture to fit properly (id.).

22  Plaintiff rejected this treatment option (id.).  In light of

23  Plaintiff's refusal to authorize extraction of tooth number 31,

24  Defendant made every effort to fabricate a "rather unconventional"

25  denture to accommodate Plaintiff's wish to keep tooth number 31, but

26  ultimately it was impossible to do so (id.).

27  ///

28  ///

1       On December 11, 2006, Plaintiff's maxillary denture "wax up" was
2   "tried in" (id., ¶ 6).  Defendant placed a maxillary denture set in
3   wax in Plaintiff's mouth and quickly realized that Defendant's best
4   efforts "were not going to work" (id.).  Plaintiff continued to refuse
5   to allow tooth number 31 to be extracted (id.).  Defendant told
6   Plaintiff the only hope would be to drill a hole into the denture
7   above tooth number 31 in order to accommodate that tooth (id.).

8

9       On January 11, 2007, Plaintiff's maxillary denture was delivered
10  to Plaintiff (id., ¶ 7).  Defendant saw Plaintiff on January 24, 2007
11  for a "post-delivery check" on the denture (id.).  The denture was
12  very loose and Plaintiff complained of sore spots (id.).  A soft
13  reline material was placed in the denture to help improve the fit and
14  eliminate sore spots (id.).  Plaintiff was asked to wear the denture
15  for 24 hours, which is customary in order to get a proper fit from the
16  soft reline (id.).

17

18      After 24 hours, the denture was retrieved from Plaintiff to be
19  sent to the lab so that the soft reline could be converted into a
20  permanent acrylic reline (id.).  Plaintiff complained that the denture
21  did not fit even with the soft reline, said he did not want the
22  denture, and demanded that a new one be made (id.).  Defendant told
23  Plaintiff that a new denture could be made if tooth number 31 were
24  extracted so that the new denture would have a better chance of
25  succeeding (id.).  Plaintiff rejected this option, signed a document
26  refusing the denture and a trust reversal, and Plaintiff's money was
27  returned for the denture (id.).
28  ///

1   Defendant had a dental appointment scheduled with Plaintiff on

2   October 4, 2007, but Plaintiff rescheduled due to a conflicting

3   medical appointment (id., ¶ 8).  On October 12, 2007 and November 16,

4   2007, Plaintiff refused triage dental appointments because Plaintiff

5   did not want to see Defendant (id.).  As of the date of Defendant's

6   declaration, December 16, 2008, Plaintiff has rejected the dental

7   treatment plan and options presented to Plaintiff (id., ¶ 9).

8

9   Defendant also has submitted the declaration of Dr. Joel Reims, a

10  dentist licensed to practice in the State of California since 1965 and

11  a member of the American Dental Association, the California Dental

12  Association and the Los Angeles Dental Association since 1965.

13  Dr. Reims states that he has reviewed Plaintiff's dental records and

14  that the dental care and treatment Defendant provided to Plaintiff

15  "was well within the standard of care in California" (Declaration of

16  Dr. Joel Reims in Support of Defendant's Motion for Summary Judgment,

17  ¶¶ 2, 7).  In particular, Dr. Reims states that the "over erupted"

18  tooth to which Defendant refers in Defendant's Declaration is "a

19  hopeless tooth with severe periodontal disease, extensive bone loss

20  and [is] probably surrounded by infection," and that the tooth "needs

21  to be extracted" in order to fabricate a properly fitting denture for

22  Plaintiff (id., ¶¶ 4, 7).

23

24  Defendant also has submitted the Declaration of Dr. Jeri

25  Shepherd, Chief Dental Officer at the California Men's Colony, who

26  assertedly reviewed Plaintiff's dental records, and who opines that

27  the dental care and treatment Defendant provided to Plaintiff was

28  "well within the standard of care applicable to dentists and was

1  medically appropriate" (Declaration of Dr. Jeri Shepherd in Support of
2  Defendant's Motion for Summary Judgment, ¶¶ 1, 7).

3

4       In opposition to the present Motion, Plaintiff has submitted no
5  evidence to controvert Defendant's evidence.  The statements in
6  Plaintiff's Opposition that Plaintiff has witnesses who assertedly
7  state that Defendant is a liar and unprofessional are insufficient to
8  controvert Defendant's evidence.  Plaintiff's conclusory allegations
9  that Defendant abused his authority, and that Plaintiff has "no doubt"
10 Defendant committed wrongdoing also are insufficient to raise a
11 triable issue of fact as to Defendant's alleged deliberate
12 indifference.  See Shane v. Greyhound Lines, Inc., 868 F.2d 1057, 1061
13 (9th Cir. 1989) (conclusory allegations unsupported by statements of
14 fact are insufficient to defeat summary judgment); Thornhill Pub. Co.
15 v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979) (same).

16

17      The uncontroverted evidence shows that Defendant acted within the
18 standard of professional competence providing dental care to
19 Plaintiff, including Defendant's extraction of Plaintiff's teeth,
20 attempt to fashion a properly-fitting denture, and recommendation that
21 tooth number 31 be pulled.  At best, the evidence shows only that
22 Plaintiff disagreed with the treatment and treatment options provided
23 to Plaintiff.  Any such disagreement is insufficient to show a
24 constitutional violation.  See Brownlee v. Stocker, 259 Fed. App'x 12,
25 1 (9th Cir. 2007); Franklin v. State of Oregon, State Welfare Div.,
26 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between
27 a prisoner-patient and prison medical authorities does not give rise
28 to a § 1983 claim.").

1    For the foregoing reasons, Defendant is entitled to summary

2  adjudication on Plaintiff's deliberate indifference claim.

3

4    **D.   <u>Equal Protection Claim</u>**

5

6    To demonstrate an equal protection violation, Plaintiff must show

7  that he was intentionally treated differently from others similarly

8  situated and that there was no rational basis for the difference in

9  treatment.  See <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564

10  (2000); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471

11  (9th Cir. 1991) ("The plaintiff in a § 1983 claim alleging a violation

12  of equal protection must prove that the defendant acted in a

13  discriminatory manner and that the discrimination was intentional.")

14  (citations omitted).

15

16    According to Defendant's declaration, Plaintiff's race did not

17  affect any of Defendant's actions, treatment or treatment plans

18  concerning Plaintiff's dental care (Murphy Dec., ¶ 11).  Defendant

19  also relies on excerpts from Plaintiff's deposition.  In his

20  deposition, Plaintiff testified that he believed Defendant

21  discriminated against Plaintiff on account of Plaintiff's race

22  (Declaration of Heidi T. Salerno in Support of Defendant's Motion for

23  Summary Judgment, Ex. A, internal page 27).  Asked what Defendant had

24  done to make Plaintiff believe that Defendant's dental work was based

25  on the fact that Plaintiff was black, Plaintiff replied: "Everything I

26  asked him, he refused.  Just like when he started wanting to pull my

27  teeth, he didn't even have to pull them." (<u>id.</u>).  Plaintiff testified

28  that "there was no other reason why would he even say it if it wasn't

13

1   true" (id.).  Plaintiff also testified Defendant gave "little smirks"

2   (id.).  Plaintiff said that Plaintiff had the Prison Law Office talk

3   to Defendant, and that Plaintiff filed three "602's" on Defendant

4   (id., internal pages 27-28).  Asked what Defendant said specifically

5   that had to do with Plaintiff's race, Plaintiff replied: "You know he

6   ain't just going to come out and say it.  I seen it in him."  (id.,

7   internal page 28).  Plaintiff said he saw Defendant's "smugness" and

8   "smirk with his mouth" (id.).

9

10       In opposition to the Motion, Plaintiff failed to submit any

11  evidence to controvert Defendant's evidence that Defendant did not

12  discriminate against Plaintiff on the basis of race.  There is no

13  evidence that Defendant treated patients of other races differently

14  from Plaintiff.  Plaintiff's speculation that Defendant's allegedly

15  improper dental care or Defendant's alleged "smirks" and "smugness"

16  were the product of discriminatory intent does not suffice to raise a

17  triable issue of fact on the issue of discriminatory intent.  See

18  Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir.

19  1996) ("mere allegation and speculation do not create a factual

20  dispute for purposes of summary judgment") (citation omitted); Clark

21  v. West Contra Costa Unif. Sch. Dist., 2000 WL 336382, at *4 (N.D.

22  Cal. Mar. 15, 2000) (evidence consisting of plaintiff's deposition

23  testimony asking "what other reason" than race discrimination

24  defendant could have had for taking action allegedly adverse to

25  plaintiff held insufficient to withstand summary judgment).

26  Therefore, Defendant is entitled to summary adjudication on

27  Plaintiff's Equal Protection claim.

28  ///

**ORDER**

Plaintiff's Motion for Summary Judgment is denied without prejudice.  Defendant's Motion for Summary Judgment is granted in part.  Summary adjudication is granted in favor of Defendant on Plaintiff's deliberate indifference and race discrimination claims.  Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court finds that the following facts are not genuinely at issue:

(a)  Defendant did not act with deliberate indifference to Plaintiff's dental needs in providing dental treatment and care for Plaintiff during the time period alleged in the First Amended Complaint; and

(b)  Defendant did not discriminate against Plaintiff on account of race in violation of the Equal Protection Clause as alleged in the First Amended Complaint.

Defendant's Motion for Summary Judgment otherwise is denied.  The Court expresses no view on the merits of Plaintiff's retaliation claim, a claim that Defendant's Motion again fails to address.

**Within thirty (30) days of the date of this Order, the parties shall file motions for summary judgment on the retaliation claim.**

///
///
///
///

1       Plaintiff's request for appointment of counsel is denied without

2  prejudice.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

3  1986.

4

5          DATED:  January 26, 2009

6

7

8               _____

9                    JOHN F. WALTER
                UNITED STATES DISTRICT JUDGE

10

11

12

13  PRESENTED this 15th day of

14  January, 2009, by:

15

16  _____/S/_____
        CHARLES F. EICK

17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28